UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 00-4481-CIV-MOORE/O'SULLIVAN

GEORGE MAY,

      Plaintiff,

v.

STEVN D. MERRYDAY, Coram Non
Judice, SUSAN C. BUCKLEW,
Coram Non Judice, as private persons,
DANIEL M. BACHI, DONALD TRUMP
and THE TRUMP ORGANIZATION,
INC, jointly and severally,

      Defendants.

_____/



FILED by _____ D.C.
MAG. SEC.

APR 2 0 2001

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.   MIAMI

## REPORT AND RECOMMENDATION

THIS MATTER came before the Court on Defendant United States District Judge

Steven D. Merryday's Motion to Dismiss; Motion for Injunctive Relief and Motion for

Rule to Show Cause Why Sanctions Should Not be Imposed Against George May for

His Vexatious Litigation (DE # 19, 1/26/001); Defendant United States District Judge

Susan C. Bucklew's Motion to Dismiss (DE # 18, 1/25/01); Defendants', Donald Trump,

the Trump Organization and Daniel M. Bachi, Motion to Dismiss Plaintiff's Complaint

with Prejudice (DE # 8, 12/26/00); and Defendants' Motion for Sanctions Under Rule 11

(DE # 20, 1/29/01).

In addition, before this Court is Plaintiff's Motion to Strike All Court Papers filed

by the Defendant's Donald Trump, the Trump Organization, Inc., and Daniel M. Bachi,

under Federal Rule of Civil Procedure 12(f), 26(g), (1), (3), and Plaintiff's Motion for

Summary Judgement [sic] Against the Defendant's Cause, Donald Trump, and the

Trump Organization, Inc., Under Rule 8(d) (DE # 12, 1/3/01); Plaintiff's Motion to Strike

all Court Papers Filed by Defendant's Donald Trump, the Trump Organization, Inc., and

Daniel M. Bachi, under Federal Rules of Civil Procedure 12(f), 26(g), (1), (2), (3),

Florida Statutes §775, §777, §812, §817, §895, and Federal Statutes 18 USCA et. seq.

(DE # 13, 1/3/01), Plaintiff's Motion to Strike Defendant's Motion for Sanctions Under

Rule 11, Defendant's Memorandum of Law in Support of Motion for Sanctions Under

Rule 11, Under Federal Rules of Civil Procedure 12(f), 26(g), (1), (2), (3), Florida

Statutes §775, §777, §812, §895, and Federal Statutes Ch. 21, 18 USCA et. seq. (DE

# 22, 1/29/01), and Plaintiff's Motion to Strike all Court Papers Filed by the Defendant's

Under Federal Rules of Civil Procedure 26(g), (1), (2), (3), 37, Florida Statutes §775,

§777, §812, §895, Federal Statutes Ch. 21, 18 USCA et. seq., and the Fifth, and

Fourteenth Amendment of the Plaintiff's United States of America Constitution Contract,

and For Summary Judgment Against the Defendant's Under Rule 8(d), 54(c), 55(a), (b),

56(a), (c), and Article VI, Clause 1, 2, 3, [sic] (DE # 24, 2/7/01).

This cause was referred to United States Magistrate Judge John J. O'Sullivan by

the Honorable K. Michael Moore, United States District Court Judge for the Southern

District of Florida pursuant to 28 U.S.C. §636 (b). Having reviewed the history of this

case and of this plaintiff, and being otherwise duly advised in the premises, the

undersigned respectfully recommends that the aforementioned motions to dismiss be

granted with prejudice and May's motions to strike and for summary judgment be

denied.

## STANDARD OF REVIEW

In determining whether an action should be dismissed for failure to state a claim,

the court must accept the material facts alleged in the complaint as true, and not

dismiss unless it appears beyond doubt that the plaintiff can prove no set of facts in

support of his claim which would entitle him to relief. Bradberry v. Pinellas County, 789

F.2d 1513, 1515 (11th Cir. 1986), Hishon v. King & Spalding, 467 U.S. 69, 73 (1984),

Quinones v. Durkis, 638 F. Supp. 856 (S.D. Fla. 1986). Moreover, all reasonable

inferences must be drawn and viewed in a light most favorable to the plaintiff, and the

court should consider only those facts alleged in the complaint.   However, while a Rule

12(b)(6) dismissal may not be based on a "judge's disbelief of a complaint's factual

allegations," conclusions of law and "unwarranted deductions of fact" pleaded in the

complaint need not be accepted as true.[1]   Although pro se complaints are held "to less

stringent standards than formal pleadings drafted by lawyers," that does not mean they

are held to no standard at all. Haines v.  Kerner, 404 U.S. 519, 520 (1972) (per

curiam), Edison v.  Arenas, 155 F.R.D. 215, 219 (M.D. Fla. 1994).

## DISCUSSION

On November 28, 2000, Plaintiff filed his "fill-in the blank form" complaint, pro se,

seeking $1 billion 300 million dollars in damages.  Although the convoluted nature of

plaintiff's complaint makes it difficult to determine the facts which form the basis of his

action, plaintiff seems to contend that defendants have impaired a contractual right

purportedly provided for under Articles I and VI of the United States Constitution.

Defendants bring the present motions to dismiss arguing that the claim is barred by the

---

[1]First Nationwide Bank v.  Gelt Funding Corp., 27 F.3d 763, 771 (2d Cir.  1994)
(quoting 2A James Wm.  Moore et.  al, Moore's Federal Practice § 12.08, at 2266-69
(2d ed. 1984).

Page 3

*res judicata* effect of prior adverse judgments, that the complaint fails to state a cause of action, that the complaint violates express orders of this Court, lack of diversity, lack of federal question jurisdiction, and for Judges Merryday and Bucklew, absolute judicial immunity.  Many of these arguments support the undersigned's conclusion that plaintiff's complaint should be dismissed as frivolous for failure to state a claim upon which relief can be granted.[2]

Plaintiff May is "well known to this court."[3]  Even as far back as 1997, this Court was forced to admonish May regarding his penchant for vexatious frivolous filings.[4]  As a "professional" and "quintessentially vexatious" litigant, May has filed countless lawsuits in this district and elsewhere.  In the Southern District of Florida, May has filed approximately twenty-two lawsuits in 2000 alone, and possibly as many as sixty since 1991.  Of those complaints filed in 2000, all (except those still pending) have been dismissed (see a brief summary in the footnote below).[5]

---

[2] Michael Zachary, Dismissal of Federal Actions and Appeals under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), 42 U.S.C. § 1997e(c) and the Inherent Authority of the Federal Courts: (A) Procedures for Screening and Dismissing Cases; (B) Special Problems Posed by the "Delusional" or "Wholly Incredible" Complaint, 43 N.Y.L. Sch. L. Rev. 975 (1999-2000).

[3] In re May, Case No. 00-2266-Civ-Jordan (DE # 7), 2000 WL 1276943, at *2 (S.D. Fla. Aug. 31, 2000) (quoting Order DE # 14, May v. Martin County, Case No. 97-14076-Civ-Moore (Apr. 29, 1997)).

[4] See April 29, 1997 Order in Case No. 97-14076-Civ-Moore (DE # 14 at 5), "The Court's experience with the Plaintiff forces it to add one further admonition. The Plaintiff is warned that the future filing of frivolous pleadings and motions in this action will result in the imposition of sanctions."

[5] May v. State of Fla. & Bush, Case No. 00-0003-Civ-Jordan (dismissed with prejudice, no subject matter jurisdiction 3/20/00),
    May v. So. Fla. Water Mgmt. Dist. & Bush, Case No. 00-519-Civ-Jordan

(dismissed with prejudice, no subject matter jurisdiction, May warned he risked Rule 11 sanctions for further dismissals with prejudice, 5/31/00),

May v. Cypress et. al, Case No. 00-1297-Civ-King (dismissed, matter constitutes a re-filing of 99-3404, 6/5/00),

May v. State of Fla. & Bush, Case No. 00-1800-Civ-Moreno (dismissed with prejudice, immunity 6/29/00),

May v. Florida & Bush, Case No. 00-2631-Civ-Jordan (dismissed with prejudice, failed to state a claim & probable res judicata, 9/20/00),

May v. Shell Oil, Case No. 00-2266-Civ-Jordan (dismissed, failed to state a claim, 8/30/00, separate order prohibiting further frivolous suits),

May v. Huizenga, Case No. 00-2265-Civ-Moreno (dismissed, failed to state a cause of action, 9/15/00),

May v. So. Fla. Water Mgmt. Dist., Case No. 00-2023-Civ-Moreno (dismissed, lack of subject matter jurisdiction 6/29/00),

May v. So. Fla. Water Mgmt. Dist., Case No. 00-2630-Civ-Highsmith (dismissed, no subject matter jurisdiction, 8/14/00, affirmed 9/26/00),

May v. Jordan, et. al, Case No. 00-3782-Civ-Middlebrooks (dismissed, failure to state a claim, 12/18/00),

May v. Jordan et. al, Case No. 00-3783-Civ-Middlebrooks (frivolous complaint dismissed with prejudice, attorney's fees granted to defendants, required to replenish $1,500 contempt bond, 2/5/01),

May v. Highsmith, et. al, Case No. 00-3784-Civ-Seitz (dismissed for failure to state a cause of action 1/4/01),

May v. Nesbitt, et. al, 00-3785-Civ-Lenard (dismissed, failure to exhaust administrative remedies, no subject matter, frivolous, 1/12/01),

May v. Hatter, Jr., et. al, 00-4115-Civ-Morre (dismissed, frivolous, identical sanctions recommended as in this case),

May v. Hunt, et. al, 00-4116-Civ-Huck (motion to dismiss for lack of personal jurisdiction pending, defendant claims this is 23rd suit against Circus, Circus),

May v. Phillips, et. al, Case No. 00-4117-Civ-Lenard (dismissed, unintelligible complaint/res judicata/violation of court order, 1/22/01),

May v. Hunt, et. al, 00-4118-Civ-Seitz (dismissed, complaint completely incoherent and unintelligible, 1/30/01),

May v. Moreno, et. al, Case No. 00-4119-Civ-Huck (motion to dismiss based on res judicata and for violating court orders pending),

May v. Moreno, et. al, Case No. 00-4217-Civ-Huck (motion to dismissed based on res judicata, failure to state a cause of action and for lack of jurisdiction pending),

May v. Merryday, et. al, 00-4481-Civ-Moore (this case),

May v. Kovachevich, et. al, 00-4573-Civ-Seitz (dismissed, complaint completely incoherent and unintelligible, 1/29/01),

May v. So. Fla. Water Mgmt. Dist., Case No. 00-6191-Civ-Jordan (dismissed, no subject matter jurisdiction, 7/10/00),

May v. Provident Life & Accident, Case No. 00-7445-Civ-Ferguson (motion to

Astounded by May's unabashed abuse of the legal system, the Honorable Judge Jordan enjoined May in August 2000, from filing "any more frivolous, baseless, or repetitive lawsuits" and required that May post a $1,500 contempt bond before filing any further lawsuits.[6]

It appears warning and mild sanctions have not inhibited May in the least. Reviewing the complaint *sub judice*, the Court notes this is May's fourth suit against Trump and his Organization, his second suit against Judge Bucklew, and his first against Bachi and Judge Merryday. Indeed, May stated identical causes of action in the third case against Trump and the Trump Organization, which was dismissed by the Middle District of Florida.[7] As elaborated in the Report and Recommendation for Case No. 00-4115 (where May filed a very similar fill-in the blank form complaint - his 11th complaint against Park Place Entertainment and Hilton Hotels or its individual officers or employees), May's pattern of refiling frivolous lawsuits over and over indicates that dismissal of the complaint will not be enough to prevent him from further abuse of the legal system and stronger restrictions are required.

May has now flaunted previous Court orders by filing yet another unintelligible and baseless complaint against Donald Trump, the Trump Organization, Daniel Bachi, and two district court judges who presided over May's earlier actions, Steven Merryday and Susan Bucklew. Although there appears to be several good reasons for dismissing

---

dismiss for failure to state a claim pending).

[6]In re May, supra note 3, at *4.

[7]May v. Bucklew, Trump et. al, Case No. 8:00-cv-2079-T-23B.

the instant complaint, the undersigned finds the most obvious reason to be because it is utterly devoid of any comprehensible set of facts or legal theory upon which to base a cause of action and should be dismissed as frivolous for failure to state a claim upon which relief can be granted.

**Plaintiff's Complaint is Frivolous and Should Be Dismissed**

The United States Supreme Court noted in Neitzke v. Williams, 490 U.S. 319, 326-28 (1989), that frivolous actions are subject to dismissal for failure to state a claim. Frivolous actions which fail to state a claim lack any arguable basis in law or fact. With regard to claims for damages against immune parties, the Supreme Court has made clear that such claims lack an arguable basis in law and thus, may be dismissed as frivolous. Id. at 327 (giving "claims against which it is clear that the defendants are immune from suit" as example of claims which may be dismissed as "based on an indisputably meritless legal theory.") See also, Mireless v. Waco, 502 U.S. 9 (1991) (per curiam), Mitchell v. Forsyth, 472 U.S. 511 (1985).

Even in light of May's pro se status, his complaint fails to meet the relatively liberal rules of pleading under Rule of Civil Procedure 8. In a rambling, vague, and largely unintelligible manner, May repeatedly refers to the alleged impairment of an "Obligation of Contract" and to his alleged contractual rights under Article VI of the U.S. Constitution. It is virtually impossible to determine the relevance of May's references or decipher any other aspect of May's complaint. It appears, however, that May's complaint emanates from his belief that the defendants violated an alleged contractual right based on his "Discoveries, Business Methods, Idea's [sic], Concepts, Inventions, Brands, and Trademarks Copyrights" to "rob and pirate plaintiff's property for unlawful

Page 7

self profit." Complaint at ¶ 9. May contends that Judges Bucklew and Merryday each improperly and without authority entered an order dismissing a prior action filed by May, and that this act impaired their obligation of contract. He further makes the inflammatory allegation that defendants Trump, Trump Organization and Bachi caused both Judge Bucklew and Judge Merryday to render these orders by giving them payoffs in order to assist them in stealing May's "inventions, copyrights, concepts, and trademarks," and that their actions in relation to May were outside of their jurisdiction and void. Complaint at ¶¶ 10 and 14. In support of these bald conclusions, May does not assert a single recognized statutory or common law cause of action, or allege any facts to support a cognizable claim.

The complaint is frivolous because it lacks an arguable basis either in law or in fact.[8] It contains conclusory, unsupported allegations which are not even remotely substantiated by any factual basis. By filing this frivolous lawsuit, plaintiff has once again[9] unabashedly violated this Court's August 30, 2000 Order. It offends the interests of justice to require the judiciary to expend resources on frivolous law suits and defendants should not be required to bear the expense and onerous burden of responding to May's incessant, frivolous and baseless complaints.

---

[8] *See*, Neitzke v. Williams, 490 U.S. 319, 325 (1989)

[9] At least three cases have been dismissed as frivolous since Judge Jordan's order was entered in Case No. 00-2266-Civ-Jordan, DE # 7, 8/30/00. See Case No. 00-3782-Civ-Middlebrooks, DE # 14, 12/18/00, Case No. 00-3785-Civ-Lenard, DE # 33, 1/12/01, Case No. 00-3783-Civ-Middlebrooks, DE # 25, 2/5/01.

## Sanctions[10]

Federal courts have "both inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." Peck v. Hoff, 660 F.2d 371 (8th Cir. 1981); see also In re McDonald, 489 U.S. 180, 184 n.8 (1989). The Eleventh Circuit has consistently upheld district court injunctions against abusive litigants, including pre-filing screening restrictions, see Martin-Trigona v. Shaw, 986 F.2d 1384, 1387 (11th Cir. 1993) (citing Copeland v. Green, 949 F.2d 390 (11th Cir. 1991)), and has stressed that, "[c]onsiderable discretion necessarily is reposed in the district court" when it drafts such orders, Martin-Trigona, 986 F.2d at 1387 (citing Procup v. Strickland, 792 F.2d 1069, 1074 (11th Cir. 1986) (en banc)).

"Every lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time, whether the complaint is reviewed initially by a law clerk, a staff attorney, a magistrate, or the judge." Id. at 1072. These costs, of course, are beyond those expended by victim defendants who must respond to these lawsuits. For years, courts have repeatedly sought to put an end to May's harassing litigation tactics.[11] In this district, judges who preside over lawsuits subsequent to August 30, 2000 are authorized to impose sanctions, including attorney's fees and costs, upon May for violation of the Court's injunction. E.g., see Judge Jordan's orders in Case Nos. 00-2266 and 00-519, Judge Middlebrook's order in Case No. 00-3783. As a result of

---

[10]The following, including the proposed sanctions, is borrowed in large part from an order of Judge Lenard's dealing with similar circumstances involving a different plaintiff. See Case No. 99-1307-Civ-Lenard (DE # 10, 6/9/99).

[11]See DE # 19 at 6-9.

May's frivolous, baseless and repetitive complaint filed in this case, not only should the complaint be dismissed but harsher sanctions should be applied as well.

The Eleventh Circuit has specifically affirmed injunctions against vexatious litigants that include "filing and screening requirements" or "Rule 11 bonds" to curb abusive practice. See, e.g., Copeland, 949 F.2d at 391 (finding injunction barring litigant from entering federal courthouse and delivering documents to the clerk impermissibly restrictive, but upholding other curbs including pre-screening by application); Cofield v. Alabama Pub. Serv. Comm'n, 936 F.2d 512, 518 (11th Cir. 1991) (determining courts may not completely bar access, but stating "courts may take other, more creative actions to discourage hyperactive litigators as long as some access to the courts is allowed") (citations omitted); Procup, 792 F.2d at 1074 (holding litigant may be "severely restricted as to what he may file and how he must behave in his applications for judicial relief"); see also Washington v. Alaimo, 934 F. Supp. 1395, 1400-01 (S.D. Ga. 1996) (requiring application for future filings and Rule 11 bond); United States v. Barker, 182 F.R.D. 664 (S.D. Ga. 1998) (same). Thus, when federal court integrity and jurisdiction must be protected from an abusive litigant, the Court may fashion an appropriate remedy that does not completely foreclose access to the federal courts.

The Court finds that this is at least the fourth time May is in violation of this Court's August 30, 2000 Order[12] enjoining him from filing any more frivolous, baseless, or repetitive lawsuits in this or any federal district court. As a sanction for this violation,

---

[12]*Supra* note 9.

the Court finds that dismissal of this lawsuit with prejudice is the appropriate remedy, and that no lessor sanction could suffice. See World Thrust Films, Inc. v. Int'l Family Entertainment, Inc., 41 F.3d 1454, 1456 (11th Cir. 1995) (holding that district court must find that no lessor sanction could suffice when dismissing case for failure to comply with court orders).

Based on the record before the Court and a review of the District Court docket, the Court further finds that this violation requires an additional, more restrictive injunction against George May. Unless stopped, May will almost certainly continue to file similar groundless claims, merely adding as an additional party defendant those judges and lawyers who are unfortunate enough to become involved in his frivolous litigative efforts, further burdening the Court and defendants. The undersigned specifically recommends that a "screening requirement" for any future lawsuit best balances the interest in constitutionally mandated access to the federal courts with the need to protect the Court's jurisdiction and integrity. The interests of justice require the Court to stop this pattern of abusive and wasteful litigation. By his behavior, May has demonstrated that a more severe curb on his litigation activity is warranted than those previously imposed. Unfortunately, the August 2000 prohibition imposed by Judge Jordan has been largely ignored. Defendants continue to incur expenses related to his frivolous activity, and while this may be the intended consequence of these lawsuits, it is time to put a stop to this charade. Therefore, the undersigned recommends that Judge Moore enter an order as follows:

1.   Plaintiff May is determined to be in violation of the Court's August 2000 Order enjoining the filing of any further frivolous, baseless or repetitive lawsuits. The

Court reserves jurisdiction for purposes of ordering appropriate sanctions

2. Plaintiff May, in any individual or representative capacity, is **PERMANENTLY ENJOINED** from the filing or attempting to initiate any new lawsuit, action, proceeding, or matter in the Southern District of Florida against any person or entity, **OR SERVING** any such person or entity with any paper purporting to initiate any such lawsuit, action, proceeding, or matter without first obtaining leave of this Court, as set forth below. This injunction shall apply equally to any persons or entities acting at the behest, direction, instigation, or in concert with George May.

3. Leave of court to serve and file **SHALL** be in the form of an application filed with the Clerk of Court. This application shall be captioned "Application Pursuant to Court Order Seeking Leave to File" and it shall consist of the following:

   a) A copy of the proposed complaint;

   b) An explanation of the merits of the case, including an explicit discussion of why the proposed filing does not violate the Court's August 30, 2000 Order enjoining further frivolous, baseless or repetitive lawsuits;

   c) A copy of Judge Jordan's August 30, 2000 Order;

   d) A copy of this Order;

   e) A current list of all state and federal lawsuits in the Southern District of Florida, any district in the United States, or any state court in any State of the United States in which George May has (i) ever been a party, (ii) is currently a party, or (iii) has been or is at the time of the application represented in any capacity;

Page 12

f)    The list set forth in part (e) above shall also include a copy of the facing page of each of these lawsuits and state the final disposition, if any, of each suit; and

g)    An affirmation signed by all named or proposed plaintiffs stating that the filing complies with all requirements of Federal Rule of Civil Procedure 11.

5.    Pursuant to this Order, the judge assigned to review the application may require a $1,000-$5,000 "Rule 11 Bond" to ensure compliance with all federal and local rules during the course of the proposed litigation. Upon the completion of the lawsuit, if plaintiff has complied with all federal and local rules as determined by the presiding judge, the bond may be returned at the complete discretion of the presiding judge.

6.    Failure to comply with the terms of this Order will be sufficient grounds to deny any application by George May for leave to file.

7.    Pursuant to this Order, the Clerk of the Court is **DIRECTED TO ACCEPT NO NEW FILINGS** by George May, or any filing in which George May appears as a plaintiff, save upon the order of the judge assigned to review the application, and then only after appropriate application and posting of bond, if appropriate.

8.    Case No. 00-4481-CIV-MOORE is **DISMISSED WITH PREJUDICE** for violation of this Court's Order of August 30, 2000, failure to comply with court orders, and failure to comply with the federal and local rules of this Court. All pending motions in this case are **DENIED** and the Clerk shall close this case forthwith. Pursuant to this Order, there shall be **NO FURTHER PLEADINGS** filed by George May in this case, save upon direct Order of the United States Court of

Appeals for the Eleventh Circuit, or pursuant to direct compliance with the Federal Rules of Appellate Procedure. Any violation of this directive shall be treated as a violation of this Order, as stated in paragraph 1 above.

9.      The Clerk of Court shall provide a copy of this Order to the supervising clerks at each Office of the Clerk in this District.

## CONCLUSION

Based upon the foregoing, it is the recommendation of the undersigned that Defendant United States District Judge Steven D. Merryday's Motion to Dismiss; Motion for Injunctive Relief and Motion for Rule to Show Cause Why Sanctions Should Not be Imposed Against George May for His Vexatious Litigation (DE # 19, 1/26/001); Defendant United States District Judge Susan C. Bucklew's Motion to Dismiss (DE # 18, 1/25/01); Defendants', Donald Trump, the Trump Organization and Daniel M. Bachi, Motion to Dismiss Plaintiff's Complaint with Prejudice (DE # 8, 12/26/00); and Defendants' Motion for Sanctions Under Rule 11 (DE # 20, 1/29/01) be **GRANTED** and this case be **DISMISSED WITH PREJUDICE** and that May's motions to strike and for summary judgment be **DENIED** (DE #s 12, 13, 22, and 24). The undersigned further recommends that the Honorable K. Michael Moore enter the above proposed order · prohibiting further abuse by May of the legal system.

The parties may serve and file written objections to this Report and Recommendation with the Honorable Judge K. Michael Moore, United States District Judge, within ten (10) days of receipt. See 28 U.S.C. § 636(b)(1)(c); United States v. Warren, 687 F.2d 347, 348 (11th Cir. 1982). Failure to file timely objections shall bar the parties from attacking on appeal the factual findings contained herein.   LoConte v.

Page 14

Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988); RTC v.

Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

RESPECTFULLY SUBMITTED, this _____ day of April, 2001.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:

U.S. District Court Judge Michael Moore

George May
P.O. Box 32247
Palm Beach Gardens, FL
33420

Daniel M. Bachi
Sellars, Marion & Bachi, P.A.
811 North Olive Avenue
P.O. Box 3767
West Palm Beach, FL 33402
Fax: 561-655-4994

Michael Walleisa, AUSA
99 N.E. 4th Street
Miami, FL 33132
Fax: 305-530-7139